IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SULMA GARCIA MENJIVAR

v.

RESTAURANT COMIDO LATINO, LLC. et al.

: : : : :

Civil Action No. DKC 14-3768

**MEMORANDUM OPINION**

Presently pending and ready for review in this Fair Labor Standards Act ("FLSA") case is the parties' joint motion for approval of a settlement agreement (the "Agreement") that resolves Plaintiff's claims for unpaid wages. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the proposed settlement agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the parties' motion will be granted.

## I. Background

Plaintiff Sulma Garcia Menjivar ("Plaintiff") alleges that she worked as a cashier for Defendant Restaurant Comida Latino, LLC, which was owned by Defendant Ahn Le (collectively, the "Defendants"). Plaintiff avers that she worked an average of sixty-nine hours per week from November 1, 2012 through August 25, 2014. According to Plaintiff, she was paid $850.00 biweekly, a rate of $6.16 per hour.

Plaintiff commenced this action by filing a complaint on December 3, 2014. (ECF No. 1). The complaint alleges that Defendants violated the FLSA, the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law by failing to pay Plaintiff the minimum wage and time and a half wage for hours worked in excess of forty. The complaint seeks $17,465.33 in back pay in addition to liquidated damages. On January 27, 2015, the case was referred to Magistrate Judge Charles B. Day (ECF No. 9), and the parties participated in a settlement conference with Judge Day on May 14, 2015. Unable to reach a settlement, the parties continued discovery.

On December 23, 2015, the parties filed the pending motion for approval of the Agreement. (ECF No. 23). The Agreement provides that, upon court approval, Defendants will pay Plaintiff $17,465.33. (ECF No. 23-1, at 4). Defendants will also pay $17,345.87 in attorneys' fees and $1,188.80 in litigation costs. (*Id.*). The Agreement provides that Defendants will make eighteen monthly payments of $2,000.[1] (ECF No. 23-2, at 3-8). Defendants do not admit liability, but agree to settle in order to avoid further costs of litigation. (*Id.* at 2). In exchange for the settlement amount, Plaintiff has

---

[1] The Agreement anticipates payments beginning on December 20, 2015. The court did not receive the joint motion until December 23, 2015, and it is expected that Defendants will commence payments this month.

agreed to a general release of all claims against Defendants and dismissal of this lawsuit with prejudice. (*Id.* at 9-11).

**II. Analysis**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages, provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered

in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)). Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–cv–1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28,

2009); *see also Duprey*, 30 F.Supp.3d at 408 (citations and internal quotation marks omitted).

**A. *Bona Fide* Dispute**

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408 (citing *Lomascolo*, 2009 WL 3094955 at *16-17). Here, there is a *bona fide* dispute. Defendants continue to "deny all liability and have raised various defenses to [Plaintiff's] claims." (ECF No. 23 ¶ 2). Specifically, the parties dispute the amount of hours Plaintiff worked, whether a transfer in ownership reduces Defendants' liability, and whether liquidated or treble damages are available to Plaintiff. (ECF No. 23-1, at 2). Thus, the pleadings, along with parties' representations in court filings, establish that a *bona fide* dispute exists as to Defendants' liability to Plaintiff for wage and overtime payments under the FLSA.

**B. Fairness & Reasonableness**

Upon review of the parties' submissions and after considering the relevant factors, *see Duprey*, 30 F.Supp.3d at 409, the Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.

The parties have engaged in discovery on both sides. They contend that they have had sufficient opportunity to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." (ECF No. 23-1); *see Lomascolo*, 2009 WL 3094955, at *11. There is no evidence that the Agreement is the product of fraud or collusion, and it appears to be the product of negotiations between experienced counsel, part of which was guided by Judge Day.

As to the relationship between the amount of the settlement and Plaintiffs' potential recovery, the Agreement appears to be fair and reasonable. The settlement provides Plaintiff $17,465.33, which is the amount she alleges Defendants owe in back pay. (*See* ECF No. 1 ¶ 20). Although the complaint also seeks liquidated damages, the factual disputes in this case make it uncertain whether Plaintiff would ultimately be able to recover the full amount of requests damages. In fact, Plaintiff would risk recovering less than the settlement amount or nothing at all if Defendants were successful in their defenses.

In light of the risks and costs to both parties in proceeding with this lawsuit, the settlement amount appears to be a reasonable compromise over issues that remain in dispute.

**C. Attorneys' Fees and Costs**

Finally, the Agreement's provisions regarding attorneys' fees and costs must also be assessed for reasonableness. *See* 29 U.S.C. § 216(b). The Agreement provides that Defendants will pay Plaintiff's counsel $18,534.67: $17,345.87 in attorneys' fees and $1,188.80 in litigation costs. A review of billing records submitted by Plaintiff's counsel reveals that the amount requested is reasonable.

The awarding of attorneys' fees to Plaintiffs turns on application of the traditional lodestar methodology factors. The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules. *See, e.g.*, *id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D.Md. 2000)). In addition, the specific facts of the case are to be considered in calculating a reasonable figure.

Plaintiff avers that counsel spent 55.93 hours working on Plaintiff's case. (ECF No. 23-3 ¶ 7). Plaintiff provides detailed billing records providing the date on which each service was performed; who performed the service; a short description of the service; the amount of hours, to the tenth of an hour, spent performing the service; the rate at which the client was billed; and the total amount billed for the service. (ECF No. 23-3). No billing entry appears frivolous or excessive, and the court finds the amount of hours worked to be reasonable given the nature of this case as well as the stage of litigation.

Plaintiff counsel's billing rates are within the guidelines prescribed by the Local Rules, albeit at the high end. (*Id.* at 14). The two attorneys with the highest billing rate billed 37.2 hours; the remaining 18.73 hours were billed by less experienced attorneys, paralegals, and a legal assistant. (*Id.*). Plaintiff counsel's affidavit swears that the rates charged "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." (*Id.* at 4). Moreover, as part of the settlement, Plaintiff's counsel has reduced the total amount billed by $2,625.13, approximately thirteen percent. (*Id.* at 3). Accordingly, the attorneys' fee request of $17,345.87 is reasonable and will be approved.

Plaintiff also seeks $1,188.80 for litigation costs. (*Id.* at 15). Plaintiff's counsel submitted an affidavit detailing the litigation costs incurred, which are: a $400.00 filing fee, $100.00 for three process services, $645.75 for an interpreter and deposition transcript, $24.00 for certified corporate records, and $19.05 for online legal research. (*Id.* at 3-4).

> [T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases. *Roy v. Cnty. Of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998). . . . [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Types of costs charged to losing defendants include "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 644 (D.Md. 2012). Here, the costs requested by Plaintiff are reasonable, necessary, and are detailed with sufficient specificity in the affidavit attached to Plaintiff's motion. Accordingly, Plaintiff has met her "burden of providing sufficient detail . . . to explain and support [his] requests for fees and costs," *see Andrade*, 852 F.Supp.2d at 645 (citing *Spencer v. General Elec.*

*Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)), and the requested costs will be awarded in full.

**III. Conclusion**

For the foregoing reasons, the joint motion for approval of a settlement agreement will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge